OTTO AFFELD v. HARLEY F. MURPHY AND OTHERS.[1]

June 29, 1917.

Nos. 20,381—(179).

**Motor vehicle — stopping car when meeting woman driver — statute — negligence.**

It is provided by G. S. 1913, § 2634, subd. 2, that the driver of an auto upon meeting a team driven by a woman shall, upon the team exhibiting signs of fright, stop the auto, and if such signs of fright continue shall stop the motor. The plaintiff's wife was driving a team on a country road. An auto driven by one of the defendants approached from the opposite direction. There was evidence that the horses exhibited signs of fright and that such fright continued. The driver of the auto, before reaching the team, and when close to it, turned aside into a trail or by-road and stopped the auto, but not the motor, and awaited the passing of the team. It is *held* that the auto and the team did not meet within the meaning of the statute and that independently of the statute there was no basis for a finding of negligence.

Action in the district court for Beltrami county by the special administrator of the estate of Bruno Affeld, deceased, to recover $7,500 for the death of his intestate and $65 for the funeral expenses. The case was tried before Stanton, J., who at the close of the testimony denied de-

[1]Reported in 163 N. W. 530.

fendants' motions for directed verdicts, and a jury which returned a verdict in favor of plaintiff for $1,500. From an order denying their motion for a new trial, defendants appealed. Reversed.

*Edgerton & Dohs, Bracelin & Cronin* and *E. E. McDonald,* for appellants.

*Andrews, Gibbons & Huffman* and *Montreville J. Brown,* for respondent.

PER CURIAM.

Action to recover damages for the death of plaintiff's intestate, his infant son, alleged to have been caused by the negligence of the defendants. There was a verdict for the plaintiff. The defendants appeal from the order denying their motion for a new trial.

The plaintiff's wife, with the child now deceased, and accompanied by another lady, was driving a team of horses hitched to an ordinary farm wagon on a country road in Beltrami county. The wagon was not equipped with the usual bed or box but had planks in the bottom and at the sides with an end board in front—an arrangement such as is common in hauling dirt or gravel. As she was at the brow of a hill she heard an auto approaching. This auto was driven by one of the defendants. The road was narrow. The driver of the auto, seeing the impracticability of passing in the roadway, just before he reached the horses turned to his right into a side road or trail, went a few feet, stopped his auto, but did not stop his motor. The statute (G. S. 1913, § 2634, subd. 2), provides that the operator of an auto upon meeting a vehicle drawn by an animal and driven by or in charge of a woman shall not pass at a rate of speed greater than 4 miles an hour, and in case the animal exhibits signs of fright shall bring his machine to a stop, and in case he continues to exhibit signs of fright shall stop the motor. One of the horses exhibited signs of fright as the motor approached. The driver, before reaching the team, drove into the side road and stopped the auto but did not stop the motor. One of the men got out of the auto and went in the direction of the team apparently to be of help if needed. The team drove on and the accident, which the jury found was occasioned by the fright given the team, happened some little distance down the hill.

A majority of the court are of the opinion that the statute men-

tioned does not apply, and that there is no basis for a charge of negligence apart from it. The driver did not meet the team. He turned into the side road to avoid a meeting. He was cautious. At a favorable opportunity he turned aside and avoided a meeting. There was surely no fault, unless the failure to stop the motor was a fault. The auto was then a considerable distance from the team and it was not reasonably to be anticipated that any harm would come. We hold that the statute was without application in the situation disclosed, that a failure to stop the motor did not involve liability because of the statute, and that independently of the statute there was no basis for a finding of negligence.

Order reversed.

Brown, C. J., took no part.